**James P. KIEL, d/b/a General Minerals, Plaintiff-Appellee,**

v.

**Frederick FALKIN, Defendant-Appellant.**

**No. 30038.**

United States Court of Appeals, Fifth Circuit.

June 11, 1971.

---

Henry D. Akin, Robert E. Goodfriend, Dallas, Tex., for defendant-appellant.

William V. Browning, Kenneth Johnson, Wichita Falls, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Kiel as Seller and Falkin as Buyer executed a written instrument prepared by a layman and purporting to cover sale by Kiel to Falkin of a one-fourth working interest in oil and gas leases covering 29,091 acres in Kerr County, Texas. Falkin failed to pay the amount agreed, Kiel sued, and Falkin defended on alleged failure to comply with the Texas statute of frauds. The Conclusions of Law of the District Court were:

1. The contract of June 9, 1968, between Plaintiff and Defendant was a valid contract and not within the statute of frauds.

2. Plaintiff is entitled to recover the sum of $120,000 interest and costs.

Both parties construe Conclusion 1 to mean not that the contract was outside the purview of the statute but that it was governed by, and met the requirements of, the statute. We have considered the Findings of Fact made by the trial judge, but it is unclear to us exactly how Conclusion 1 was reached, although in so stating we do not imply that the conclusion is erroneous.

On this appeal Falkin asserts several respects in which he says the statute of frauds was not met, including: (1) failure of the contract to say whether it refers to surveys, grants, leases or property owners; (2) failure to state whether the interests in the respective leases cover all the acreage in the particular survey (grant, lease, etc.?) or only a portion of a larger plot of ground, and if so what portion; (3) failure to describe the extent of the estates of Kiel under the respective leases and the portion of the mineral rights retained by him; (4) failure to state the number of years to run on the respective leases and failure to set out Kiel's covenants under the leases.

The court refers to there being attached to the signed instrument a plat showing in yellow the various leases and lands described in the instrument. We think it likely, but are not able to say with certainty, that the court considered the plat to be part of the contract and looked to it in deciding that the requirements of the statute of frauds had been complied with. Falkin insists this may not be done under Texas law. Also, when we look at the plat, we are left with questions and uncertainties as to just what it does show and the legal effect thereof. In addition there are other documents in evidence which arguably might, or might not, bear on the issue of compliance with the statute, but we do not know whether the court relied upon them or considered that under Texas law it could do so.

All the issues presented in this case are matters which can best be laid to rest at the district court level by a Texas trial judge. The judgment must be vacated and the cause remanded for full and precise findings of fact and for separate and specifically articulated conclusions of law on all issues. On remand the court should give each party opportunity to flesh out the record if he so desires.

Our disposition of the case is not to be considered as the slightest whisper of a view on the merits. What we say—and all we say—is that in the present posture of the case we are unable to give meaningful review to it.

Vacated and remanded for further proceedings not inconsistent with this opinion. Costs of appeal are to be equally divided.